**Not for Publication**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILFRED LEE HOLMES, | |
| Plaintiff, | Civil Action No. 16-1434 (ES) (MAH) |
| v. | OPINION |
| CHRIS CHRISTIE, et. al., | |
| Defendant. | |

**SALAS, DISTRICT JUDGE**

Before the Court is a motion to dismiss filed by Defendants David W. Thomas, James Plousis, and Samuel J. Plumeri. (D.E. No. 18). The Court has considered the parties' submissions and decides the matter without oral argument under Federal Rule of Civil Procedure 78(b). For the following reasons, the Court GRANTS Defendants' motion.

**I.  Background**

Petitioner, who was convicted of armed assault with intent to rob in 1972, continued to engage in a series of crimes between 1972 and 1973, including assault and battery on a police officer, unlawful weapons possession, and theft of a motor vehicle. *See Holmes v. New Jersey*, No. A-11315-13T2, 2015 WL 4544689, *1-2 (N.J. Super. Ct. App. Div. July 29, 2015).[1] In 1973, he was convicted of murder and manslaughter in Essex County Court for the fatal shooting of two individuals in Newark, New Jersey in July 1972 and April 1973, respectively. *Id.* He was

---

[1] *See S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999) ("To resolve a 12(b)(6) motion, a court may properly look at public records, including judicial proceedings, in addition to the allegations in the complaint."); *see also Johnson v. Pugh*, No. 11-0385, 2013 WL 3013661, *2 (E.D.N.Y. June 18, 2013) ("A court may take judicial notice of matters of public record, including pleadings, testimony, and decisions in prior state court adjudication, on a motion to pursuant to Rule 12(b)(6).").

sentenced to life imprisonment for the murder charge to run consecutive to an eight to ten-year sentence on the manslaughter charge. *Id.* In 1974, Petitioner was also convicted of a murder in Atlantic City, New Jersey, that occurred in April 1973 while Petitioner was still at large for the two Newark murders. *Id.* at 2. He was convicted of the Atlantic City murder in Atlantic County Court and sentenced to life on the murder count. *Id.*

In 2012, a two-member Parole Board panel denied Plaintiff parole, after he became parole-eligible in 2010. *Id.* at *3-4. In its decision, the panel indicated that it referred Plaintiff's case to a three Board panel for review and to establish a future eligibility term ("FET"). *Id.* It identified "lack of satisfactory progress in reducing the likelihood of future criminal behavior" as its basis for not establishing an FET. *Id.*; (D.E. No. 1 at 16). The three-member Board panel subsequently issued a decision denying Plaintiff parole, citing the same reasons as the previous two-member panel. *See Holmes*, 2015 WL 4544689, at *3. In its decision, the panel expressed that in addition to considering the statutory parole factors, it considered Plaintiff's blaming his victims for his actions, minimizing his violent offenses, and displaying an inability or reluctance to identify the reasons for his violent, murderous behavior. *Id.* Additionally, the three-member panel provided a 360-month FET. *Id.*

Shortly after issuing its decision, the three-member panel amended the FET from 360-months to 240-months because it had mistakenly relied on an incorrect parole ineligibility date in its first decision. *Id.* at 4. Plaintiff's appeal of the three-member panel's denial was subsequently affirmed by the full Parole Board. *Id.* at 4. In its decision, the full Parole Board concurred with the two prior panel's decisions. *Id.* However, it acknowledged that Plaintiff's FET was less than 240-months in light of his case falling under the pre-1997 parole standard. *Id.*

Plaintiff filed an appeal of the Parole Board's decision to the Superior Court of New Jersey, Appellate Division. *See id.* In his appeal, he argued first that the Parole Board improperly considered factors that should not have been considered in light of his conviction pre-dating the 1997 parole statute amendment. *Id.* at 7-8. He further argued that that the Parole Board improperly considered the LSI-R score. *Id.* Plaintiff also argued that he was denied access to confidential psychological assessments that were considered in making the determination. *Id.* Finally, Plaintiff challenged the Parole Board's denial as well as the FET outside of the presumptive term because of their inconsistency with prior Parole Board review hearings. *Id.*

When addressing Plaintiff's argument that the Parole Board incorrectly considered his entire criminal record instead of only considering any new information since the time of his last parole hearing, the state court determined that this was not a violation of the *ex post facto* clause. *Id.*

> [T]he Board "may consider any other factors deemed relevant." N.J.A.C. 10A:71-3.11(b). Further, "application of the 1997 amendments to N.J.S.A. 30:4-123.54(c) [to an inmate convicted before amendment of the Act] does not violate the *ex post facto* clause since this change in the law is a procedural modification that does not constitute a substantive change in the parole release criteria." *Trantino v. New Jersey State Parole Bd.*, 331 N.J. Super. 577, 610 (App. Div. 2000), modified, aff'd in part, 166 N.J. 113 (2001) (Citations omitted). The 1997 statutory amendment "does not modify the parole eligibility standard applicable" to the inmate, "rather, it simply allows the Board to consider all available evidence relevant to the application of that standard." *Trantino v. New Jersey State Parole Bd.*, *supra*, 331 N.J. Super. at 611. Accordingly, the Board's consideration of the record was not improper.

*Id.*

The state court determined that Plaintiff's argument was premised on his understanding that the 1997 amendment to the New Jersey parole statute did not apply to cases such as Plaintiff's whose conviction occurred before the statutory amendment. *Id.*

3

On March 14, 2016, Plaintiff filed a complaint in this Court pursuant to 42 U.S.C. § 1983, raising twelve "cause[s] of action". (D.E. No. 1). The Court issued an order allowing Petitioner's *ex post facto* clause and due process claims to proceed. (D.E. No. 10). On June 22, 2017, Defendants filed a motion to dismiss. (D.E. No. 18). Plaintiff submitted a letter asking the Court "that [Deputy Attorney General Christopher C. Josephson's] exploits be addressed by this court immediately." (D.E. No. 19 at 2). The Court subsequently adjourned the motion to dismiss one motion cycle. (D.E. No. 20). Plaintiff then filed an opposition to the motion to dismiss as well as a cross motion for sanctions. (D.E. No. 22). Defendants filed a reply to Plaintiff's opposition as well as the motion for sanctions. (D.E. No. 23). The Court denied Plaintiff's motion for sanctions and ordered Defendants to submit supplemental briefing addressing Plaintiff's *ex post facto* clause arguments. (D.E. No. 31). Defendants filed the supplemental brief on April 16, 2018. (D.E. No. 33).

## II.  Legal Standard

### A.  Motion to Dismiss

When considering a motion to dismiss a complaint for failure to state a claim, Fed. R. Civ. P. 12(b)(6), the Court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the non-moving party. A motion to dismiss may be granted only if the plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests that make such a claim plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Although Rule 8 does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

In reviewing the sufficiency of a complaint, the Court must take the following three steps:

> First, it must tak[e] note of the elements [the] plaintiff must plead to state a claim. Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, [w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (alterations in original) (internal citations and quotation marks omitted). "[A] complaint's allegations of historical fact continue to enjoy a highly favorable standard of review at the motion-to-dismiss stage of proceedings." *Id.* at 790.

### B. Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2255, 101 L. Ed. 2d 40 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

## III. Analysis

Defendants assert two arguments in support of their motion to dismiss. (D.E. No. 18-1 at 6-13). First, Defendants argue that Plaintiff has not established that the Parole Board's consideration of his entire criminal history consistent with the 1997 amendment to the parole

5

statute was an *ex post facto* punishment. (*Id.* at 6-8). Second, Defendants argue that Plaintiff has not established a violation of his due process rights, as he received process in the state's parole determination and does not have a constitutional right to parole. (*Id.* at 8-13).

**A.** *Ex Post Facto* **Clause**

Plaintiff advances the argument that the *ex post facto* clause was implicated when the parole board considered more information than what the pre-1997 New Jersey statute allowed.

> The Ex Post Facto clause of the United States Constitution applies to a statutory or policy change that "alters the definition of criminal conduct or increases the penalty by which a crime is punishable. A new law or policy violates the Ex Post Facto clause (1) when it is retrospective, i.e., when it app[lies] to events occurring before its enactment, and (2) when it disadvantage[s] the offender affected by it.

*Mickens-Thomas v. Vaughn*, 321 F.3d 374, 383-84 (3d Cir. 2003) (citations and internal quotation marks omitted).

The relevant changes to the New Jersey parole statute were succinctly explained by the New Jersey Superior Court Appellate Division in *Williams v. New Jersey State Parole Board*, No. A-2126-11T2, 2013 WL 3762672, at * 3-4 (N.J. Super. Ct. App. Div. July 19, 2013).

> Prior to 1997, N.J.S.A. 30:4-123.56c, governing the criteria for granting parole after an initial denial, provided: An inmate shall be released on parole on the new parole eligibility date unless new information filed pursuant to a procedure identical to that set forth in section 10 indicates by a preponderance of the evidence that there is a substantial likelihood that the inmate will commit a crime under the laws of this State if released on parole at such time[.]
>
> In 1997, the Legislature adopted various amendments to the parole law, in response to recommendations from a gubernatorial study commission. Under one of the amendments, the word "new" was deleted, freeing the Board to consider any information at the subsequent hearing. According to the legislative committees, under then-current law, "the parole board . . . is required to release any inmate who has been previously denied parole" unless new

6

> information justified denial. The Corrections Department estimated this change would affect 864 inmates a year.
>
> Amendments also altered the substantive criteria for denial, changing it from "substantial likelihood that the inmate will commit a crime . . . if released on parole" to "has failed to cooperate in his or her own rehabilitation or . . . there is a reasonable expectation that the inmate will violate conditions of parole." N.J.S.A. 30:4-123.56C as amended, and in effect during appellant's 2011 hearing provides:
>
> An inmate shall be released on parole on the new parole ineligibility date unless information filed pursuant to a procedure identical to that set forth in section 10 of P.L. 1979, c. 441(C.30:4-123.54) indicates by a preponderance of the evidence that the inmate has failed to cooperate in his or her own rehabilitation or that there is a reasonable expectation that the inmate will violate conditions of parole imposed pursuant to Section 15 of P.L. 1979, c. 441 (C:30:4-123.59) if released on parole at that time.
>
> In addition, a new provision was added expressly authorizing the Parole Board to obtain a pre-parole psychological evaluation. "At any time . . . the appropriate board panel or the Parole Board may require, as often as it deems necessary, that inmate to undergo an in-depth preparole psychological evaluation . . . to provide current and accurate information to assess the inmate's suitability for parole."

*Id.*

When analyzing whether application of such amendments violate the *ex post facto* clause, "[t]he controlling inquiry . . . [is] whether retroactive application of the change in [] law created a sufficient risk of increasing the measure of punishment attached to the covered crimes." *Garner v. Jones*, 529 U.S. 244, 250 (2000) (citing *Cal. Dep't of Corr. v. Morales*, 514 U.S. 499, 509 (1995). More specifically, a claim of a parole law resulting in an *ex post facto* violation requires that the reviewing court "compare the allegedly offensive parole law with the parole law in effect at the time of the inmate's crime." *Royster v. Fauver*, 775 F.2d 527, 533 (3d Cir. 1985).

7

### i. Retroactive Application of the Amendment

Turning to the first requirement, when determining an *ex post facto* violation, Plaintiff must demonstrate that the Parole Board relied on the amended version of the parole statute. "When the rule does not by its own terms show a significant risk, the respondent must demonstrate, by evidence drawn from the rule's practical implementation by the agency charged with exercising discretion, that its retroactive application will result in a longer period of incarceration than under the earlier rule." *Garner*, 529 U.S. at 255. In this case, the facts do not establish that the Parole Board did so.

> In its decision affirming the three-member Board panel, the full Parole Board provided: "In assessing your case, the Board concurs with the determination of the two-member Board Panel that a preponderance of evidence indicates that there is a substantial likelihood that you would commit a crime if released on parole at this time. The Board also concurs with the determination of the two-member Board that a [FET] established pursuant to N.J.A.C. 10A:71-3.21(a) is clearly inappropriate due to your lack of satisfactory progress in reducing the likelihood of future criminal behavior and the determination to refer your case to the third Board member for the establishment of [FET].

*See Holmes*, 2015 WL 4544689, at *4.

The Parole Board's determination of the existence of "a substantial likelihood" that Plaintiff would re-offend if released on parole, cannot be deemed as being a retroactive application of the amendment. In fact, the exact language used by the Parole Board is the pre-amendment language which was subsequently changed to requiring a showing that a parole applicant "has failed to cooperate in his or her own rehabilitation or . . . there is a reasonable expectation that the inmate will violate conditions of parole." The relevant portions of both the pre-1997 amendment statute and the 1997 amendment provide as follows:

> An inmate shall be released on parole on the new parole eligibility date unless information filed pursuant to a procedure identical to that

> set forth in section 10 of P.L. 1979, c. 441 (C.30:4-123.54) indicates by a preponderance of the evidence that there is a substantial likelihood that the inmate will commit a crime under the laws of this State if released on parole at such time . . . .

N.J. Stat. Ann. § 30:4-123.56c (1979) (amended 1997).

> An inmate shall be released on parole on the new parole eligibility date unless information filed pursuant to a procedure identical to that set forth in section 10 of P.L. 1979, c. 441 (C.30:4-123.54) indicates by a preponderance of the evidence that the inmate has failed to cooperate in his or her own rehabilitation or that there is a reasonable expectation that the inmate will violate conditions of parole imposed pursuant to Section 15 of P.L. 1979, c. 441 (C.30:4-123.59) if released on parole at that time . . . .

N.J. Stat. Ann. § 30:4-123.56c (1997).

It appears as though Plaintiff received the benefit, if any, of the pre-1997 amendment of the parole statute with respect to this parole determination factor. Consequently, Plaintiff has not demonstrated that any *ex post facto* clause violation occurred in the Parole Board's consideration of this particular factor.

Next, with respect to the Parole Board's determination that an FET was inappropriate, the Court need not address this finding as the subsequent panel established an FET that was eventually revised to a shorter time period. See *supra* Section I. Moreover, Plaintiff has not articulated how application of the amendment affected the FET that was eventually determined.

   ii. Disadvantage from the Amendment

Turning to the second prong of the *ex post facto* violation analysis, this Court agrees with Defendants that Plaintiff has not properly alleged the amendment disadvantaged him.

Plaintiff argues that Defendants parole determination process "increased the severity of the release criteria in that all conduct of a prisoner may be considered for release, as opposed to prior law in effect when the crimes plaintiff is in custody for were committed." (D.E. No. 1 at 3). The

9

law in effect at the time Plaintiff's crimes of conviction were committed was the Parole Act of 1948.

Notwithstanding Plaintiff's argument that the 1948 Act should apply, the Parole Board's consideration of factors that suggest recidivism was consistent with the goals of either version of the statute. *See Royster*, 775 F.2d at 533 (holding that inmate who committed crimes while Parole Act of 1948 was in effect did not demonstrate that application of the Parole Act of 1979 to his parole denial was *ex post facto violation* because "the Parole Board and reviewing court must consider recidivism and 'welfare of society,' or punitive aspects").

Accordingly, Plaintiff fails to state an *ex post facto* claim.

**B.     Due Process Denial**

In their motion to dismiss, Defendants also argue that Plaintiff's due process was not violated at any time in the parole process. (D.E. No. 18-1 at 8-13). As a threshold matter, a § 1983 action is the appropriate remedy for an action based on alleged parole-procedure violations. *McCray v. Dietz*, 517 F.Supp. 787, 789 (D.N.J. 1980).

Petitioner's protected liberty interest in parole stems from the state's parole statute. *Newman v. Beard*, 617 F.3d 775, 783 (3d Cir. 2010). "[N]ew Jersey's Parole Act creates a legitimate expectation of parole eligibility which entitles prisoners to some measure of constitutional protection regarding parole eligibility decisions." *Burgos v N.J. State Parole Bd.*, No. 99-3034, 2000 WL 33722126, at *4 (D.N.J. Aug. 7, 2000) (citations omitted). In the context of parole hearings, courts have generally found that inmates are entitled to notice, an opportunity to be heard, and a statement of reasons. *See Greenholtz v. Inmates of the Neb. Penal & Corr. Complex*, 442 U.S. 1, 16 (1979); *Watson v. DiSabato*, 933 F.Supp. 390, 393 (D.N.J. 1996); *N.J. State Parole Bd v. Byrne*, 460 A.2d 103 (N.J. 1983).

In the present case, Plaintiff has not provided any facts to support a due process violation claim. (D.E No. 1 at 21-22). As Defendants point out, Plaintiff received "notice, an opportunity to be heard and a statement of reasons for denying parole." (D.E. No. 18-1 at 10).

## IV. CONCLUSION

For the foregoing reasons, the Court grants Defendants' motion for to dismiss for failure to state a claim is granted.

An appropriate Order accompanies this Opinion.

*s/Esther Salas*  
**Esther Salas, U.S.D.J.**