UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILFRED LEE HOLMES,<br><br>Plaintiff,<br><br>v.<br><br>CHRIS CHRISTIE, et al.,<br><br>Defendants. | Civil Action No. 16-1434 (ES) (MAH)<br><br><br>OPINION<br>AND<br>REPORT AND RECOMMENDATION |

**HAMMER, United States Magistrate Judge**

This matter comes before the Court by way of Plaintiff *pro se* Wilfred Lee Holmes's ("Plaintiff") request to reopen the matter and amend his Complaint to seek monetary damages and convert the matter from an individual action to a class action. Pl.'s Letter and Mot. to Am., Sept. 6, 2024, D.E. 99. The original Complaint alleged that the New Jersey State Parole Board (the "Parole Board") improperly considered Plaintiff's criminal history in evaluating his eligibility for parole. The Complaint did not seek monetary damages and instead sought declaratory and prospective injunctive relief, specifically his release from incarceration. The amendments that Plaintiff now proposes would add a putative class action for monetary relief. Additionally, it appears that Plaintiff also seeks to add claims that challenge the Parole Board's authority and discretion to determine whether and when to discharge individuals from parole supervision.

Defendants David W. Thomas, James Plousis, and Samuel J. Plumeri (collectively, "Defendants") oppose the motion. Letter Br. in Opp'n to Mot. to Am., Sept. 17, 2024, D.E. 101. The Court has considered the parties' submissions and decides the motion without oral argument.

*See* Fed. R. Civ. P. 78; L. Civ. R. 78.1. For the reasons set forth herein, the Court denies Plaintiff's request to amend the Complaint.[1] Thus, as no viable claims remain, the Undersigned respectfully recommends that the District Court dismiss the matter with prejudice.

**I.     BACKGROUND**

    **A.     Procedural History and Plaintiff's Initial Complaint**

While on parole in the early 1970s, Plaintiff was convicted of murder and manslaughter charges. *Holmes*, 14 F.4th at 256. A state court sentenced Plaintiff to life in prison with the possibility of parole. *Id.* The Parole Board denied Plaintiff's initial application for release in 2001 and again in 2012. *Id.*

On March 14, 2016, Plaintiff filed a *pro se* Complaint. *See generally* Compl., D.E. 1. The Complaint alleged approximately twelve causes of action against Defendants, including for denial of due process and violations of the Ex Post Facto Clause of the United States Constitution. *Id.* Plaintiff's principal contention, however, was that "the [Parole] Board's retroactive application of the 1997 Amendments [to the Parole Act] [was] contrary to the Ex Post Facto Clause." *Holmes*, 14 F.4th at 257. Plaintiff sought only "declaratory and prospective injunctive relief," and did not seek money damages. Compl., D.E. 1, ¶ 1. Instead, Plaintiff sought a new hearing before the Parole Board that did not include examination of his prior criminal records.[2] *Holmes*, 14 F.4th at 256. Plaintiff further sought his release from prison and for the Parole Board to grant him parole. *See generally* Compl., D.E. 1.

---

[1] The Court takes no position on whether Plaintiff may pursue his newly proposed allegations in a separate action.

[2] As discussed more fully below, Plaintiff had a lengthy criminal history that the Board had apparently considered in determining his parole eligibility. *See Holmes*, 14 F.4th at 260-61.

Defendants moved to dismiss the Complaint.  Mot. to Dismiss, D.E. 18; Opp'n to Mot. to Dismiss, D.E. 22.  The District Court granted Defendants' motion to dismiss.  *See generally* Order, D.E. 43.  Plaintiff appealed the Order.  *See* Notice of Appeal, D.E. 45.

On September 21, 2021, the Third Circuit affirmed the dismissal of Plaintiff's due process claim but vacated the dismissal of Plaintiff's ex post facto claim.  *See Holmes*, 14 F.4th at 268, 258-67.  The Third Circuit remanded for further "discovery to determine whether the retroactive application of the 1997 Amendments to [Plaintiff] 'created a significant risk of prolonging [his] incarceration.'"  *Id.* at 268 (quoting *Garner v. Jones*, 529 U.S. 244, 251 (2000)).  Once the case was remanded and reopened, Plaintiff sought appointment of pro bono counsel, which this Court granted on March 29, 2022.  *See Holmes v. Christie*, No. 16-1434, 2022 WL 909848, at *4 (D.N.J. Mar. 29, 2022).

On March 2, 2023, the Parole Board granted Plaintiff parole.  Plaintiff was released on April 13, 2023. *See* Mot. to Am., D.E. 83-1, at 5.  Defendants posited that Plaintiff's release mooted Plaintiff's claims because the Complaint sought only declaratory and injunctive relief.  *Id.*

    **B.**    **Plaintiff's First Motion to Amend**

On July 14, 2023, Plaintiff, through pro bono counsel, filed an initial motion to amend his Complaint to demand monetary damages.  *Id.*  Defendants opposed.  Letter Br. in Opp'n to Mot. to Am., D.E. 86, at 4-16.  This Court denied Plaintiff's motion for two reasons.  Op., Nov. 17, 2023, D.E. 90.  First, Plaintiff failed to show he was diligent in amending the pleadings under Federal Rule of Civil Procedure Rule 16, since the deadline to amend was February 1, 2018.  *Id.* at 7; Pre-Trial Scheduling Order, Oct. 16, 2017, D.E. 29.  The Court reasoned that Plaintiff had failed to show good cause for the proposed amendment, which did not include new or recently

uncovered facts, and instead sought only to add a claim for monetary damages. Op., Nov. 17, 2023, D.E. 90, at 7. The Court similarly found that Plaintiff's amendment was unduly delayed under Rule 15, and its allowance would have unduly prejudiced Defendants. *Id.* at 11-13.

Second, the Court concluded that Plaintiff's proposed amendment was futile under Rule 15. The Court determined the Parole Board members were entitled to absolute immunity because they engaged in adjudicatory acts in denying Plaintiff parole. *Id*. at 14-15 (citing *Wilson v. Rackmill*, 878 F.2d 772, 775 (3d Cir. 1989)). The Court relied on a series of decisions in this District that held a parole board's determination whether to grant or deny parole constitutes an adjudicatory act. *Id.* at 15 (citing *Fields v. Plousis*, No. 14-1139, 2015 WL 9304545, at *4 (D.N.J. Dec. 21, 2015); *Williams v. Consovoy*, 333 F. Supp. 2d 297, 300 (D.N.J. 2004)). Thus, as a matter of law, Plaintiff's amendment was futile. *Id.* at 15-16.

### C. The Instant Motion and the Court's Orders to Show Cause

Because it appeared that no viable claims remained in this litigation, on March 8, 2024, the Court entered an Order to Show Cause directing the parties to explain why the Court should not dismiss the matter with prejudice. Order to Show Cause, D.E. 92. On March 18, 2024, the Court extended the deadline to respond to the Order to Show Cause to April 19, 2024, to allow Plaintiff's then-counsel could inform Plaintiff of the Order to Show Cause. Order, March 18, 2024, D.E. 94. Shortly thereafter, Plaintiff filed a *pro se* notice of appeal to the Third Circuit. *See* Order, March 26, 2024, D.E. 95. This Court terminated that appeal without prejudice, and directed Plaintiff to file any initial appeal of the Undersigned's November 17, 2023 Order to the District Judge.[3] *Id.* Plaintiff's counsel then moved to withdraw as pro bono counsel, which the Court granted. Order, April 5, 2024, D.E. 96; Order, April 5, 2024, D.E. 97.

---

[3] Plaintiff never filed an appeal of this Court's November 17, 2023 Order to the District Judge.

4

The Court entered a second Order to Show Cause with a deadline of August 19, 2024. Order to Show Cause, Aug. 7, 2024, D.E. 98. That Order noted that the Undersigned had denied Plaintiff's motion to amend his complaint to seek money damages, and that Plaintiff's parole had mooted his request for a rehearing before the Parole Board and release. Accordingly, this Court ordered that any party objecting to dismissal of the matter with prejudice must show cause, and specify "(1) the claim or claims that remain to be decided in this matter, with citation to the Complaint; and (2) the relief sought for that claim, with citation to the Complaint." *Id.*

On September 6, 2024, eighteen days after the Show Cause deadline, Plaintiff filed his request to amend the Complaint. Pl.'s Letter and Mot. to Am., Sept. 6, 2024, D.E. 99. Plaintiff asserts that while he was in prison, he "became a member of the 2A Lifers Committee." *Id.* at 1. Apparently, the "2A Lifers" are parolees and prisoners who were sentenced to life imprisonment under Title 2A, the predecessor to New Jersey's current criminal code, Title 2C. *See* Letter Br. in Opp'n to Mot. to Am., Sept. 17, 2024, D.E. 101. Plaintiff seeks to amend the Complaint to bring a class action on behalf of himself and other 2A Lifers. Pl.'s Letter and Mot. to Am., D.E. 99. Plaintiff contends that he and other 2A Lifers were subject to violations under "Article I Section 10 and the First, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution." *Id.* at 1. Plaintiff's proposed class action would challenge the Parole Board's parole discharge statute (N.J.S.A. 30:4-123.66) and regulation (N.J.A.C. 10A:71-6.9). *Id.* at 2-3. Plaintiff does not specify the exact claims that he and the proposed class would bring. However, it appears that Plaintiff seeks to challenge the Parole Board's powers and discretion in granting or denying a parolee discharge from parole supervision if the parolee satisfies certain criteria. *See id.*

Defendants oppose. Letter Br. in Opp'n to Mot. to Am., Sept. 17, 2024, D.E. 101. First, Defendants contend that the motion is untimely because it was submitted after the Show Cause

5

deadline. *Id.* at 1.  Second, they contend that even if the motion was timely, the nature and scope of the case would be untethered to the original Complaint. *Id.* at 3.  Specifically, the amendment would convert a single-plaintiff matter to a class action that would include the claims of other individuals and their cases where the Board denied discharge from parole supervision. *Id.* at 2-3.  Finally, Defendants contend that because Plaintiff is not a lawyer, he cannot file a class action complaint. *Id.*  Thus, Defendants contend that Plaintiff does not have standing to bring claims on behalf of others. *Id.* at 3.

## II. MOTION TO AMEND

The Court recognizes that it must liberally construe a *pro se* plaintiff's application. *See Dluhos v. Strasberg*, 321 F.3d 365, 373 (3d Cir. 2003) ("[W]e must liberally construe the *pro se* litigant's pleadings, and we will apply the applicable law, irrespective of whether he has mentioned it by name.").  But applying the most reasonably liberal construction to Plaintiff's application compels the conclusion that his requests to reopen the matter and amend his Complaint are untimely.  Passing that Plaintiff filed his September 6, 2024 request eighteen days after the August 19th deadline to show cause, this matter is eight years old, and the original claims challenging Plaintiff's denial of parole have been mooted by his release.  Even if the Undersigned considered Plaintiff's application as having been timely filed, the Court must deny the motion to amend the pleadings.

### A. Rule 16

First, the proposed amendment does not survive scrutiny under Rule 16.  Assuming Plaintiff could not have challenged the Parole Board's discharge statute (N.J.S.A. 30:4-123.66) and regulation (N.J.A.C. 10A:71-6.9) before being paroled himself, it remains that Plaintiff received parole on March 2, 2023 and Plaintiff was released on April 13, 2023.  According,

approximately eighteen months passed before Plaintiff made this request to now challenge N.J.S.A. 30:4-123.66 and N.J.A.C. 10A:71-6.9.

The Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that claims will be decided on their merits rather than on technicalities. *Dole v. Acro Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990). Under Federal Rule of Civil Procedure 15(a)(2), the Court should freely give leave to amend the Complaint when justice so requires. *Spartan Concrete Prods., LLC v. Argos USVI, Corp.*, 929 F.3d 107, 115 (3d Cir. 2019) (citing Fed. R. Civ. P. 15(a)(2)). If a motion to amend is untimely, Federal Rule of Civil Procedure 16(b)(4) requires a party to make a showing of "good cause" as to why the scheduling order should be modified before the Court can address the merits of a motion to amend under Rule 15. *See Premier Comp Solutions, LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020). While neither party explicitly discusses Rule 16 as it relates to Plaintiff's instant motion, "the fact that neither party specifically names Rule 16 or its required good-cause showing does not preclude the Court from applying that standard to [a] plaintiff's motion to amend." *Lloyd-Jones v. Connolly*, No. 20-912, 2022 WL 3572837, at *2 (D.N.J. Aug. 19, 2022) (internal quotations omitted).

Federal Rule of Civil Procedure 16(b)(3)(A) requires trial courts to issue a scheduling order in each case that "limit[s] the time to join other parties, amend the pleadings, complete discovery, and file motions." A motion to amend filed after the Court's Rule 16(b)(3)(A) deadline is subject to a heightened level of scrutiny. *Korrow v. Aaron's, Inc.*, 300 F.R.D. 215, 220 (D.N.J. 2014). The movant must first satisfy the requirements of Rule 16(b)(4), meaning they must "demonstrate 'good cause' to amend the Rule 16 Scheduling Order" and obtain the Court's consent "to extend the deadline to amend pleadings." *Id.* (quoting *Velto v. Reliance Standard Life Ins. Co.*, No. 10-1829, 2011 WL 810550, at *4 (D.N.J. Mar. 1, 2011)); *see also*

7

Fed. R. Civ. P. 16(b)(4). "Only after having found the requisite showing of good cause will the [C]ourt consider whether the proposed amended pleading meets the [Rule] 15(a) standard." *Home Semiconductor Corp. v. Samsung Elecs. Co.*, No. 13-2033, 2019 WL 2135858, at *2 (D. Del. May 16, 2019); *accord Korrow*, 300 F.R.D. at 220; *Nasa Mach. Tools Inc. v. FAMA Tech. Inc.*, No. 18-2872, 2019 WL 7207503, at *2 (D.N.J. Dec. 27, 2019).

"A determination of 'good cause' under Rule 16 depends on the diligence of the moving party." *Korrow*, 300 F.R.D. at 220 (citing *GlobespanVirata, Inc. v. Texas Instruments Inc.*, No. 03-2854, 2005 WL 1638136, at *3 (D.N.J. July 12, 2005)). Good cause requires a showing that, despite the movant's attentiveness, "the deadlines set forth in the scheduling order could not reasonably be met." *Id.*; *see also Harrison Beverage Co. v. Dribeck Imps.*, 133 F.R.D. 463, 469 (D.N.J. 1990). "[G]ood cause may be satisfied if the movant shows that their delay in filing the motion to amend stemmed from 'any mistake, excusable neglect or any other factor which might understandably account for failure of counsel to undertake to comply with the Scheduling Order.'" *Fermin v. Toyota Material Handling, U.S.A., Inc.*, No. 10-3755, 2012 WL 1393074, at *3 (D.N.J. Apr. 23, 2012) (alteration in original) (quoting *Phillips v. Greben*, No. 04-5590, 2006 WL 3069475, at *6 (D.N.J. Oct. 27, 2006)). "[C]ourts typically examine whether the movant possessed, or through the exercise of reasonable diligence should have possessed, the knowledge necessary to file the amended motion before the deadline had expired." *Id.*

As was the case in Plaintiff's initial motion to amend, there is no good cause to allow Plaintiff to amend his pleadings at this time. Plaintiff did not raise this issue reasonably soon after he was paroled on April 13, 2023, and instead waited well over a year to raise it. Nor does Plaintiff make any effort now to explain the delay, or otherwise show cause as to why he could not have raised it earlier. Plaintiff's status as a *pro se* litigant does not excuse him from the

deadlines imposed by this Court. *See Huertas v. U.S. Dep't of Educ.*, No. 8-3959, 2010 WL 2771767, at *5 (D.N.J. July 12, 2010) ("[C]ourts are unwilling to allow pro se litigants to disregard court orders and perpetually delay trial proceedings."). As was the case in November 2023, the delay in making this motion cannot reasonably be excused. *See Naughton v. Harmelech*, 09-5450, 2015 WL 12835620, at *3 n.4 (D.N.J. Jan. 30, 2015) (stating that moving to amend the pleadings three years after expiration of the deadline "far surpasses what may be reasonably excused from a pro se litigant").

This delay is also problematic because it would drastically change the legal theories and scope of relief sought from its initial pleading. Plaintiff seeks to add entirely new theories and a new type of relief to this action. While his original Complaint challenged the denial of parole based on the 1997 amendments, the proposed amendments appear to challenge the Parole Board's authority and discretion to decide when to discharge a parolee from supervision. And while Plaintiff's original Complaint sought solely declaratory and injunctive relief, Plaintiff now seeks monetary damages for him and the putative class.

Plaintiff does not explain how or why he could not have brought these claims earlier. *See Holmes*, 14 F.4th at 258-67. The new wrinkle to this amendment is that Plaintiff intends on bringing a class action complaint on behalf of himself and all other 2A Lifers. But Plaintiff has long possessed the information necessary to substantiate the proposed class action complaint. Plaintiff states that he joined the 2A Lifers Committee while he was incarcerated. Pl.'s Letter and Mot. to Am., Sept. 6, 2024, D.E. 99, at 1. He also explained that the 2A Lifers Committee had previously challenged the Board's actions. *Id.* at 1. Thus, based on Plaintiff's letter, the information needed for the proposed amendments was in his possession from well before his

release. *See Fermin*, 2012 WL 1393974, at *6 (finding that Rule 16 allows that "information obtained after a deadline to amend can constitute good cause").

### B. Rule 15

Even assuming Plaintiff could establish good cause, Plaintiff's motion fails to satisfy Rule 15. Permitting amendment to Plaintiff's Complaint would unduly delay a case that where no viable claims remain, and Plaintiff has received the relief he sought in his Complaint. Further, Plaintiff's proposed amendments are futile on their face.

"Federal Rule of Civil Procedure 15(a)(2) provides a liberal standard for motions to amend: 'The Court should freely give leave when justice so requires.'" *Spartan Concrete Prods., LLC v. Argos USVI, Corp.,* 929 F.3d 107, 115 (3d Cir. 2019) (quoting Fed. R. Civ. P. 15 (a)(2)). The Court may deny a motion to amend the pleadings only where there is (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice; (4) repeated failures to cure deficiencies; or (5) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Long v. Wilson,* 393 F.3d 390, 400 (3d Cir. 2004) ("We have held that motions to amend pleadings [under Rule 15(a)] should be liberally granted.") (citations omitted); *Grayson v. Mayview State Hosp.,* 293 F.3d 103, 108 (3d Cir. 2002) ("Under Rule 15(a), if a plaintiff requests leave to amend a complaint . . . such leave must be granted in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment.").

#### 1. Undue Delay and Prejudice

While not specifically referenced in Defendants' Opposition, allowing amendment to Plaintiff's Complaint would significantly delay resolution of this matter, drastically alter the scope of this matter, and, in turn, prejudice defendants.

Much of the analysis for undue delay under Rule 15 overlaps with the good-cause analysis under Rule 16. However, Rule 15 provides a more liberal standard than Rule 16. A

party's delay, by itself, is insufficient to justify denial of leave to amend. *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006). "However, 'at some point, the delay will become undue, placing an unwarranted burden on the court, or will become prejudicial, placing an unfair burden on the opposing party.'" *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). The inquiry into undue delay includes consideration of the court's "[i]nterests in judicial economy and finality," as well as a "focus on the movant's reasons for not amending sooner." *USX Corp. v. Barnhart*, 395 F.3d 161, 168 (3d Cir. 2004).

      As previously noted, the proposed amendment is not based on information uncovered in discovery stemming from the Third Circuit's ruling. *See Kronfeld v. First Jersey Nat'l Bank*, 638 F. Supp. 1454, 1460 (D.N.J. 1986) (granting moving party's motion to amend under Rule 15 upon its discovery of new evidence and where it did "not appear that the amendment would cause undue delay or that [movants had] a dilatory motive"). Without any new information, Plaintiff's proposed amendment is strictly an effort to keep the case from dismissal. Plaintiff cannot seek to amend, add new claims, and convert the matter to a class action where the amendments could have been raised much earlier, even in relation to Plaintiff's release from incarceration and commencement of parole. *See Berk v. Ritz Carlton Condo. Ass'n*, No. 19-20666, 2021 WL 5277459, at *4 (D.N.J. Nov. 12, 2021) (stating an untimely motion to amend cannot sustain where it is "in an apparent effort to salvage claims"); *see also Sai v. Transportation Security Administration*, 326 F.R.D. 31 (D.D.C., Feb. 15, 2019) (observing that courts will properly deny a motion to amend where it appears that the plaintiff is using Rule 15 to make the complaint a moving target, to salvage a lost case by untimely suggestion of new theories or recovery or to prevent theories seriatim in an effort to avoid dismissal).

As to undue prejudice, Defendants contend that this "would wholly change the nature and scope of this case." Defs' Opp'n, D.E. 101, at 3. Again, Plaintiff's proposed amendment is not based on any new information uncovered during discovery. Rather, the amendments would include claims for monetary damages and turn the Complaint into a putative class action. As the Third Circuit has made clear, a motion for leave to amend may be denied when, as here, "allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). That is certainly the case here. Plaintiff's original Complaint concerned whether the Defendants' retroactive application of the 1997 amendments to the New Jersey Parole Act improperly denied him parole, prolonged his incarceration, and posed a violation of the Ex Post Facto Clause. Plaintiff's proposed amendments would change the causes of action entirely. The putative class action would challenge the parole discharge statute and regulation concerning when to discharge individuals from parole. Defendants would need to conduct discovery on Plaintiff's potential damages and on the proposed 2A Lifer class, and essentially relitigate this case anew.

The Court thus concludes that Plaintiff's proposed amendment would cause Defendants to suffer "substantial and undue prejudice." *Id.*; *see also Akegnan v. Trinity Fin. Servs., LLC*, No. 20-15761, 2022 WL 3369655, at *4 (D.N.J. Aug. 16, 2022) (denying motion to amend because, in part, the amendment "would substantially alter the scope of" the case); *Brown v. Lancaster*, No. 14-117, 2014 WL 1315996, at *1 (W.D. Pa. Apr. 1, 2014) ("[T]o the extent that Plaintiff would identify unrelated theories of injury or harm, the proper course is not amendment, but rather, the filing of a new lawsuit."); *Boyer v. May*, No. 22-34, WL 1637396, at *1-2 (D. Del.

Apr. 15, 2024) (denying motion to amend "based on allegations generally unrelated to" the action and noting the plaintiff could bring the claims in a separate action).

### 2. Futility

This Court has already determined that Plaintiff's proposed claim for monetary damages against Parole Board members arising from parole decisions was futile because of the doctrine of absolute immunity. Op., Nov. 17, 2023, D.E. 90, at 16. Specifically, the Board's actions were adjudicatory in its denial of Plaintiff's release. *Id.* at 15 (citing *Fields v. Plousis*, No. 14-1139, 2015 WL 9304545, at *4 (D.N.J. Dec. 21, 2015)). Thus, under Third Circuit precedent, the Board members are entitled to absolute immunity. *Id.* at 14 (citing *Wilson v. Rackmill*, 878 F.2d 772, 775 (3d Cir. 1989)).

Plaintiff seeks to convert his Complaint for injunctive relief and his release from incarceration to a class action complaint seeking monetary damages on behalf of himself and other 2A Lifers. *See* Pl.'s Letter and Mot. to Am., D.E. 99. That is also futile under Rule 15.

Federal Rule of Civil Procedure Rule 23(a)(4) provides that a class action can be maintained if the class representative "will fairly and adequately represent the interests of the class." Under Rule 23 of the Federal Rules of Civil Procedure, four elements must be satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a). This District has routinely determined that a *pro se* litigant cannot adequately represent the interests of incarcerated persons in a class action. *See Abdur-Raheem v. New Jersey Dep't of Corr.*, No. 15-1743, 2015 WL 9049752, at *2 (D.N.J. Dec. 16, 2015); *Ali v. Jersey City Parking Auth.*, No. 13-2678, 2014 WL 1494578, at *8 (D.N.J. Apr. 16, 2014);

*Blackburn v. Aventis Pharm. Inc.*, No. 06-4951, 2006 WL 3544980, at *3 n.1 (D.N.J. Dec. 8, 2006); *Caputo v. Fauver*, 800 F. Supp. 168, 170 (D.N.J. 1992) ("Every court that has considered the issue has held that a prisoner proceeding *pro se* is inadequate to represent the interests of his fellow inmates in a class action.") (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)).

Although the Court is mindful of Plaintiff's familiarity with the subject matter and the 2A Lifers, it remains that under the law, he cannot bring a class action complaint on behalf of himself and other 2A Lifers. *See Alexander v. N.J. State Parole Bd.*, 160 F. App'x 249, 250 n.1 (3d Cir. 2005) ("[A] prisoner proceeding *pro se* may not seek relief on behalf of his fellow inmates."); *Maldonado v. Terhune*, 28 F.Supp. 2d 284, 288 (D.N.J. 1998) (stating "Courts have consistently held that a prisoner acting pro se 'is inadequate to represent the interests of his fellow inmates in a class action'" (quoting *Caputo*, 800 F.Supp. at 170)). In turn, Plaintiff has no standing to bring claims on behalf of other 2A Lifers. *Neal v. Volvo Cars of N. Am., LLC*, 794 F.3d 353, 358-59 (3d Cir. 2015) (explaining that Article III standing requires an injury-in-fact, sufficient causal connection between the injury and conduct complained of, and a likelihood the injury will be redressed by a favorable decision). Indeed, Plaintiff is required to demonstrate standing for each claim he seeks. *Id.* at 359. However, Plaintiff cannot bring claims for "violation of the constitutional rights of another." *See Hopson v. McVicar*, No. 17-6037, 2017 WL 4697337, at *3 (D.N.J. Oct. 19, 2017) (dismissing a plaintiff's constitutional violation claims on behalf of a third-party to the lawsuit) (quoting *Norcross v. Town of Hammonton*, No. 04-2536, 2006 WL 1995021, at *1 (D.N.J. July 13, 2006)).

Thus, Plaintiff's request to convert the Complaint to a class action complaint and represent the class of 2A Lifers is futile.

### III.  REPORT AND RECOMMENDATION THAT THE MATTER BE DISMISSED WITH PREJUDICE

The Court having denied Plaintiff's prior motion to amend, and now denying Plaintiff's second such request, there are no viable claims left in this matter.  Nor has Plaintiff identified any claims remaining in this matter, despite having been invited to do so in response to the Court's Orders to Show Cause.  Therefore, the Undersigned respectfully recommends that the District Court dismiss this matter with prejudice.  *Applebaum v. Fabian*, 18-11023, 2021 WL 5833454, at *15 (D.N.J. Dec. 9, 2021), *aff'd*, 22-1049, 2022 WL 17090172 (3d Cir. Nov. 21, 2022) (dismissing a matter with prejudice after denying a party's third attempt to amend the complaint, no viable claims remained, and ten years of litigation).  If Plaintiff seeks to pursue the claims requested in his proposed amendment, he is free to do so in a separate action, and this Court takes no position on the merits of such claims.

### IV.  CONCLUSION

For the foregoing reasons, the Undersigned respectfully recommends that the District Court dismiss Plaintiff's Complaint with prejudice.

The parties are reminded that they have fourteen (14) days to file and serve objections to this Report and Recommendation.  *See* U.S.C. § 363; Local Civil Rule 72.1(c)(2).

<u>s/ Michael A. Hammer</u><br>
<b>United States Magistrate Judge</b>

Dated: November 4, 2024.