UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**ESTHER SALAS**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING
COURTHOUSE
50 WALNUT ST.
ROOM 5076
NEWARK, NJ 07101
973-297-4887

December 6, 2024

**LETTER ORDER**

Re:  *Holmes v. Christie, et al.*
     Civil Action No. 16-1434 (ES) (MAH)

Dear Parties:

This matter comes before the Court on an opinion and report and recommendation from the Honorable Michael A. Hammer, U.S.M.J., denying *pro se* Plaintiff Wilfred Lee Holmes's ("Plaintiff") request to amend the Complaint and recommending that the undersigned dismiss Plaintiff's Complaint with prejudice. (D.E. No. 102 ("R&R")).

On March 14, 2016, Plaintiff filed a Complaint alleging that the New Jersey State Parole Board ("Parole Board") improperly considered Plaintiff's criminal history in evaluating his eligibility for parole. (D.E. No. 1 ("Complaint") ¶ 1). The Complaint did not seek monetary damages; instead, it requested declaratory and injunctive relief, specifically his release from incarceration on parole. (*Id.*).

On December 12, 2018, the Court granted Defendants' motion to dismiss the Complaint. (D.E. Nos. 43 & 44). On September 21, 2021, the Third Circuit affirmed the dismissal of Plaintiff's due process claim but vacated the dismissal of his ex post facto claim. *Holmes v. Christie*, 14 F.4th 250, 268, 258–67 (3d Cir. 2021). The Third Circuit remanded for further "discovery to determine whether the retroactive application of the 1997 Amendments to Holmes 'created a significant risk of prolonging [his] incarceration.'" *Id.* at 268 (alteration in original) (quoting *Garner v. Jones*, 529 U.S. 244, 251 (2000)). On March 29, 2022, Magistrate Judge Hammer granted Plaintiff's request for appointment of pro bono counsel. (D.E. Nos. 55 & 56).

On March 2, 2023, the Parole Board granted Plaintiff parole, and he was released from incarceration on April 13, 2023. (*See* D.E. No. 83-1 at 5). On July 14, 2023, Plaintiff, through pro bono counsel, filed a motion to amend his Complaint to demand damages. (D.E. No. 83 ("First Motion to Amend")). Defendants opposed the motion. (D.E. No. 86). On November 17, 2023, Magistrate Judge Hammer denied Plaintiff's First Motion to Amend because (i) Plaintiff failed to show that he was diligent in amending the pleadings, and (ii) the proposed amendment was futile because the Parole Board members were entitled to absolute immunity. (D.E. No. 90 at 7 & 11–15; D.E. No. 91 ("November 17, 2023 Order")).

On March 8, 2024, the Court entered an Order to Show Cause directing the parties to explain why the Court should not dismiss the matter with prejudice because there were no viable claims remaining in this litigation. (D.E. No. 92 ("First Order to Show Cause")). On March 18, 2024, the Court extended the deadline to respond to the First Order to Show Cause to April 19, 2024. On March 26, 2024, Plaintiff filed a *pro se* notice of appeal to the Third Circuit, which Magistrate Judge Hammer terminated without prejudice to Plaintiff first filing an appeal of the November 17, 2023 Order with this Court. (D.E. No. 95). Plaintiff's counsel then moved to withdraw as pro bono counsel, which motion Magistrate Judge Hammer granted. (D.E. Nos. 96 & 97). Plaintiff never filed an appeal of Magistrate Judge Hammer's November 17, 2023 Order with this Court.

On August 7, 2024, the Court entered a second Order to Show Cause directing any party objecting to dismissal of the matter with prejudice to specify: (i) the claim or claims that remain to be decided in this matter, with citation to the Complaint; and (ii) the relief sought for that claim(s), with citation to the Complaint. (D.E. No. 98 ("Second Order to Show Cause")). The parties had until August 19, 2024 to file their responses to the Second Order to Show Cause. (*Id.*). None of the parties responded to the Second Order to Show Cause by August 19, 2024. On September 6, 2024, eighteen days after the deadline for responding to the Second Order to Show Cause, Plaintiff filed a request to reopen this matter and amend the Complaint. (D.E. No. 99 ("Second Motion to Amend" or "Second Mot. to Amend")). Plaintiff sought to amend the Complaint to bring a class action on behalf of himself and the other "2A Lifers" (i.e., parolees and prisoners who were sentenced to life imprisonment under Title 2A, the predecessor to New Jersey's current criminal code (*see* D.E. No. 101 ("Defs. Ltr. Br.") at 2)). (*See generally* Second Mot. to Amend). Defendants opposed Plaintiff's Second Motion to Amend and requested that the Court dismiss this action with prejudice. (*See generally* Defs. Ltr. Br.).

On November 4, 2024, Magistrate Judge Hammer entered an order denying Plaintiff's Second Motion to Amend. (D.E. No. 103 ("November 4, 2024 Order")). On the same date, he also issued an opinion and report and recommendation recommending that the Court dismiss Plaintiff's Complaint with prejudice. (*See generally* R&R). Magistrate Judge Hammer explained that he denied Plaintiff's request to reopen the matter and amend the Complaint as untimely under Federal Rule of Civil Procedure 16. (*Id.* at 6–10). He further determined that Plaintiff also failed to satisfy Federal Rule of Civil Procedure 15 because permitting amendment would unduly delay a case in which no viable claims remained, Plaintiff had received the relief he sought in his Complaint, and his proposed amendments were futile on their face given the doctrine of absolute immunity and Plaintiff's inability to adequately represent the interests of the 2A Lifers in a class action based on his *pro se* litigant status. (*Id.* at 10–14).

Having denied Plaintiff's requests to amend, Magistrate Judge Hammer observed that "there are no viable claims left in this matter," and that Plaintiff has not identified any claims remaining in this matter pursuant to the Second Order to Show Cause. (*Id.* at 15). Noting that Plaintiff is free to pursue the claims in the proposed amendments in a separate action (and that he took no position on the merits of such claims), Magistrate Judge Hammer recommended that the District Court dismiss this matter with prejudice. (*Id.*).

In his R&R, Magistrate Judge Hammer "reminded the parties that they have fourteen (14) days to file and serve objections to [the] Report and Recommendation" under 28 U.S.C. § 636 and

Local Civil Rule 72.1(c)(2). (R&R at 15). To date, no party has filed any objections. Furthermore, no party has objected to the November 4, 2024 Order denying Plaintiff's Second Motion to Amend. *See* Fed. R. Civ. P. 72(a) ("A party may serve and file objections to the order [by a magistrate judge deciding a non-dispositive matter] within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to.").

"[W]here no objections are made in regard to a report or parts thereof, the district court will adopt the report and accept the recommendation if it is 'satisf[ied] . . . that there is no clear error on the face of the record.'" *Sportscare of Am., P.C. v. Multiplan, Inc.*, No. 10-4414, 2011 WL 500195, at *1 (D.N.J. Feb. 10, 2011) (second and third alterations in original) (quoting Fed. R. Civ. P. 72 Advisory Committee's Notes). Here, the Court, having independently reviewed the record and Magistrate Judge Hammer's unopposed R&R, finds no clear error on the face of the record.

Thus, having reviewed the record and Magistrate Judge Hammer's unopposed R&R, for the reasons stated therein, and for good cause having been shown,

**IT IS** on this 6th day of December 2024,

**ORDERED** that Magistrate Judge Hammer's unopposed R&R (D.E. No. 102) is **ADOPTED** in full; and it is further

**ORDERED** that Plaintiff's Complaint (D.E. No. 1) is **DISMISSED** *with prejudice*; and it is further

**ORDERED** that the Clerk of the Court shall mark this matter as **CLOSED**; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. Mail.

*/s Esther Salas*
**Esther Salas, U.S.D.J.**